BUTTLER, J.,
dissenting.
While the question presented is narrow, the resolution of it has a broad application in the administration of the corrections system and is, therefore, important.
In my opinion, the language of ORS 137.550(2) means exactly what it says: a defendant who has been previously confined in the county jail as a condition of probation "shall be given credit for all time thus served in any order or judgment of confinement resulting from revocation of his probation.” (Emphasis added.) Although he is entitled to earn statutory good time enabling an early release, if his probation is thereafter revoked, he only gets credit against the sentence then imposed for the time he actually served.
Had the legislature intended what the majority holds, it would have provided that the defendant shall be given credit for all time for which he is given credit for having served in fulfillment of the probationary condition. I think it is highly unlikely that the legislature intended a probation violator to be treated more favorably than a parole violator with respect to credits against his sentence. ORS 421.120(2) provides that a paroled inmate loses the deduction from the term of his sentence, earned prior to his parole, when he violates his parole. In other words, the returned parole violator is credited only with the time he actually served on his sentence prior to parole.
The considerations, in both instances, are the same from a corrections standpoint: encourage good behavior during confinement by offering good time credits, etc., but after release on parole or under the order of probation the threatened loss of those credits on revocation is an additional inducement to comply with the conditions of parole or probation, as the case may be.
I would reverse, and therefore respectfully dissent.